2   468
122   674

ALFRED DE WITT, HENRY S. DEXTER, and FERDI-
NAND VASSAULT, Trustees of the Pacific Wharf Com-
pany, *v.* JOHN C. HAYS, Sheriff of the County of San
Francisco, and ex officio Collector of Taxes.

A mere right to collect wharfage and dockage for a certain term of years, is
neither real estate nor personal property, but a franchise, or incorporeal here-
ditament—an uncertain profit issuing out of the realty.

The Constitution provides, that all property shall be taxed; but the *quo modo* is
a matter of legislative control, and the statute must be steadily followed.

The legislature have omitted to provide for any tax on this species of property;
the naked right to collect wharfage cannot be assessed *eo nomine*, or made
liable.

The act that declares that "there shall be but one form of civil action," extends
only to the *form* and to the pleadings, dispensing with technicalities in the
statement of the cause of action and defence, without regard to ancient forms,
whether of assumpsit, trespass, or ejectment, &c.

But the distinction between these actions has not been abolished.

So the distinction between law and equity continues as marked as ever, though
there is no difference in the *form* of a bill in chancery and a common law de-
claration, under our system.

To entitle a plaintiff to the equitable interposition of the Court, he must show a
proper case, and one in which he has no adequate remedy at law.

The simple allegation of "irreparable injury" is not sufficient; it should appear
to the Court from the facts set forth in the bill.

The plaintiff pretends no title to the soil, but only to the franchise; the sale of
the wharf can work no irreparable damage, or throw a cloud on his title.

If the tax upon the franchise has been illegally imposed, or a valid legal objec-
tion appears upon the face of the proceedings, the plaintiff has a perfect
remedy at law, and a Court of Equity has no power to interpose.

Abuse of the writ of injunction should be guarded against.

APPEAL from the Fourth Judicial District.

The complaint sets forth a contract made the 13th February,
1851, between the Commissioners of the Sinking Fund of the city
of San Francisco, and Roberts and West, by which the said com-
missioners granted to the said Roberts and West the right to
carry out the wharf on Pacific street, to a point designated, and
make other improvements in connection therewith, described in

the said instrument; and granted to the said Roberts and West the exclusive right to use a certain space described in the agreement, on Pacific street, for anchorage and wharfage of vessels, &c. And the right to charge wharfage within the said space mentioned for five years, to commence at a specified period. And the said Roberts and West covenanted to perform, &c., and at the expiration of the said five years, to relinquish to the city in fee simple, all improvements made by them by virtue of the grant, without charge or remuneration, and to pay to the said commissioners 10 per cent. of the gross receipts of said wharf during said five years. And avers that said grant had been confirmed by the city, and also by the legislature of the State; that Roberts and West had assigned to the plaintiffs July 15th, 1851, in trust for the members of the Pacific Wharf Company, and avers performance on the part of the plaintiffs, and payment of the 10 per cent. wharfage to the city.

And defendants further aver, that the said Pacific wharf has been assessed at a valuation of $72,000, for State and county taxes of the year 1851, which tax amounts to $1,150; and that defendant, as tax collector of the county of San Francisco, has demanded payment thereof, and is proceeding to collect the same by advertisement and sale of the said Pacific wharf; and will sell if not restrained, and produce great and irreparable injury to the plaintiffs. And plaintiffs aver that the said tax as against the plaintiffs, or said Pacific Wharf Company, is wholly illegal and void, and that said property is not liable in any way for the said tax. Wherefore they pray for an injunction to restrain defendant from further proceedings, &c.

June 17th. Defendant demurred for cause. 1st. For defect of parties in that the assessor was not made a party. 2d. That the facts do not constitute a cause of action, or aver that a writ of injunction is necessary to protect the rights of the complainants; and does not show that the plaintiffs would be injured by the sale of the said property for taxes; nor that defendant will be released from liability to the State for the taxes assessed against said property; nor that the said assessment has ever been set aside, or objected to, or corrected; nor that the complainant has not a plain and adequate remedy at law; nor that the injury

would be irreparable; nor that there is any equity in the complaint; nor that the assessment was illegal, and contrary to law.

The Court overruled the demurrer, and defendant appealed.

*Hastings, Thomas* and *Morse*, for appellants.

The assessor should have been made a party. The injury, if any, was inflicted by the assessment, and not by the action of the appellant, which was a legal consequence of the assessment under the law, and which it is too late to complain of. The bill exhibits no ground for the equitable interposition of the Court. The contract grants the privilege of charging wharfage and dockage. The value of that franchise was estimated at $72,000, and upon it as property the tax was assessed. This right is a franchise; 2 Black. Com. 37 ; 3 Kent's Com. 458; and is as much property as land. 3 Kent's Com. 458. The Legislature could pass no law impairing the obligation of the contract ; Dartmouth College *v.* Woodward, 4 Wheat. 518; and that property is as liable to taxation as any other. Const. Art. XI., sec. 13; Acts of 1851, p. 153, sect. 24. It must appear that irreparable injury would result; the allegation is not sufficient to give jurisdiction in equity ; Sto. Eq. Plead., sec. 34; and which a court of law is incompetent to relieve against. 2 Sto. Eq. Ju., sec. 864. If the tax is not legally due, plaintiffs have their remedy at law. He may pay under protest, and recover back the tax illegally imposed; Booton *v.* Booton, 12 Pick. R. 7 ; Adams *v.* Litchfield, 10 Con. R. 127 ; Amesburg & Co. *v.* Amesburg, 17 Mass. R. 161 ; Summer *v.* Dorchester, 4 Pick. R. 361; Inglee *v.* Bosworth, 5 Pick. R. 498 ; Waters *v.* Davis, Vermont Rep. 601 ; or recover in damages against the sheriff. The Court below rested its decision both as to jurisdiction and the equity of the bill, on the ground that the tax is a tax on real estate; that the real estate is public property, and as such, not liable to taxation; and that plaintiffs had a right to come into equity to remove the cloud from their title, which the assessment cast upon it. Plaintiffs show their right to be that of a franchise. Courts of equity only assume jurisdiction to remove clouds from real estate, where the matter complained of has upon its face the semblance of legality, and requires extrinsic evidence to remove it. Gamble *v.* City of St. Louis, 12 Mo. R. 617 ; Mergrole *v.* Brooklyn, 26 Wend. 132 ;

30

Van Doran v. Mayor, &c., 9 Paige, 138; Wiggins v. Mayor, &c., 9 Paige, 16; Livington v. Hollinbach, and Van Renssalear v. Kidd, Barbour's Sup. Ct. R. 9 and 17. A court of equity has no power to interfere between the State and her tax payers, unless on some original ground of jurisdiction, independent of their imposition, assessment or collection. As to the taxing power, see 4 Peters, 514, 559. The imposition of taxes belongs exclusively to the Legislature; their collection to the executive departments; the cognizance of the judiciary is limited to the inquiry, whether they have been constitutionally imposed, legally assessed, and the law observed in their collection; all of which are purely *legal* questions, not of equity cognizance. Wood v. Smedley, 6 J. C. R. 28; Brooklyn v. Mergrole, 26 Wend. 132; Van Doran v. Mayor, &c., 9 Paige, 138; Wiggins v. Mayor, &c., 9 Paige, 16; Livingston v. Hollinbach, and Van Renssalear v. Kidd, 4 Barbour's S. C. Rep. 9 and 17; McCay v. Chilicothe, 3 Ohio R. 370; Louisville Trustees v. Enothmoy, 16 J. Marshall's Rep. 554. The case of the Bank of the U. S. v. Osborn, forms no exception to the above doctrine; the object of that decision was to protect the franchise of the bank, which is an original ground of equity jurisdiction.

*Parsons* and *Cooke*, for respondent.

If a law is unconstitutional or a tax illegal, a court of equity will interfere, notwithstanding there may be a remedy at law. Bank U. S. v. Osborn, 9 Whart. 741, 758, 759; Burton v. The City of Brooklyn, decided by the N. Y. Sup. Court, Legal Observer, vol. 4, p. 673. The plaintiff alleges the tax is wholly illegal, which as to this demurrer is to be taken as true. Defendant is therefore proceeding to sell the wharf without due process of law. The public functionary must keep within the line of his duty; if they depart from the power the law vests in them, the Court will interfere and treat them, whether corporations or individuals, as naked trespassers. Sto. Eq. Jur., sec. 955. And if true that Courts will not interfere with the functions of the assessor, it is because his duties are judicial or legislative; but this rule does not apply to the executive officer. The complaint shows that the interest of the defendant is not in the realty, but that the city of San Francisco is the real owner, and the ninth section of the

Act concerning public revenue requires that the tax shall be levied on the real owner.   Statutes of 1851, sec. 9, p. 155.   The statute is merely declaratory of the rule of common law.   Mayor, Aldermen, &c. of New York *v.* Cushman, 10 John. 95.   The property liable to taxation in this State, is enumerated in the fourth section of the above statute, and this description of property, an incorporeal hereditament, is not embraced in it.   See 3d and 4th sections, p. 154.   An incorporeal hereditament is not land, or real estate, or real property, nor is a chattel or personal property, as defined in the tax law.   Boual *v.* The Mayor of New York, 2 Sanford's Sup. Ct. Rep. 552.

If the franchise or right to collect wharfage is taxable, then the tax would be laid on an uncertain income.   Property out of which the income arises, and not the income itself, until realised, is the exclusive subject of taxation.   The owner of such property must pay the tax on the property, whether he use it or not.   The benefit which he may derive from its occupation, cannot be taxed in advance, any more than the loss which he may sustain by its use, can diminish his tax.   If it is personal estate as defined in the fourth section of the act, that the appellant purposes to sell, the wharf or the respondent's interest therein, his action is illegal, for respondents have no such personal estate as therein enumerated. The interest of respondent is a personal estate for a term of years.   Westervelt *v.* The People, ex relatione W. Sears, 20 Wend. 416.   The second section declares that all property shall be liable, and the third and fourth sections define what shall be that property.   The rule of construction of statutes is, that general expressions shall be restricted by particular words.   Bac. Abr. 9 vol. 240 ; Adams *v.* Ward, 2 Cranch's R. 341.

MURRAY, Chief Justice, delivered the opinion of the Court, ANDERSON, Justice, concurring.

The respondents as trustees of the Pacific Wharf Company, plaintiffs in the Court below, filed their bill to enjoin the collector of taxes from proceeding to sell Pacific wharf for a certain tax assessment made thereon, in the name of Pacific Wharf.

The bill alleges that said assessment is irregular, illegal, and void; and that said sale of the collector of taxes will work an

irreparable injury, and prays an injunction to restrain the same. A temporary injunction was awarded by the Court.

The defendants afterwards demurred to the bill for want of proper parties, and of jurisdiction in the Court below, which was overruled, from which judgment on demurrer the defendants appealed.

The legality of the assessment is not necessarily in question, as this case must turn on the jurisdiction below; but inasmuch as this point was fully discussed upon the argument, and the question may again present itself, we think it best to give a judicial construction to the Revenue Act of 1851. The bill alleges the title of land upon which Pacific wharf is erected, is in the city of San Francisco, which must be taken as admitted by the demurrer.

The right of the plaintiffs in the premises is simply a right to collect wharfage and dockage for a certain term of years, and is neither real estate nor personal property, but a franchise or incorporeal hereditament, an uncertain profit issuing out of the realty.

While the Constitution provides that all property shall be taxed, &c., still the *quo modo* is a matter of legislative control, and the statute must be steadily followed.

The interests of the plaintiff does not come under the head of personal property or real estate as defined by the statute of 1851. The Legislature has omitted to provide for any tax upon this species of property, and the naked right to collect wharfage cannot be assessed *eo nomine*, or made liable. We do not, however, wish to be understood as deciding, that property in a wharf, or the stock of the company, is not the proper subject of taxation; admitting, however, that the assessment is illegal; are the plaintiffs entitled to a remedy by injunction?

The legislature in providing that "there shall be but one form of civil action," cannot be supposed to have intended at one fell stroke to abolish all distinction between law and equity, as to actions. Such a construction would lead to infinite perplexities and endless difficulties. The innovation extends only to the form of action, and the pleadings, while the technicalities of pleading have been dispensed with; and the plaintiff need only state his cause of action in ordinary and concise language, whether it be in

assumpsit, trespass, or ejectment, without regard to the ancient forms; still the distinction between those actions has not been abolished, but remains the same.  So cases legal and equitable have not been consolidated, and though there is no difference between the form of a bill in chancery, and a common law declaration, under our system, where all relief is sought in the same way from the same tribunal; the distinction between law and equity is as naked and broad as ever.  To entitle the plaintiff to the equitable interposition of the Court, he must show a proper case for the interference of a Court of Chancery, and one in which he has no adequate or complete relief at law.

In the present case, under an allegation of irreparable injury, the plaintiff seeks to avail himself of the writ of injunction, which has been styled "the right arm of the law."  The simple allegation of irreparable injury is not sufficient, it should appear to the Court from the facts set forth in the bill.  The sale of Pacific wharf can neither cloud the title of the plaintiffs, nor work an irreparable injury to them.  They do not pretend to a title in the soil, but only to an interest in the franchise.  If the tax upon the franchise has been illegally imposed, or a valid objection appears upon the face of the proceedings, they have a perfect remedy at law, and a Court of Equity has no power to interpose.  Van Rensselaer *v.* Kidd, 4 Barbour's S. C. Reports; Vandoven *v.* Mayor of N. Y., Chan. Reports, 9 Paige, and Wiggin *v.* Mayor of N. Y., Ib.  The case of Osborne *v.* The Bank of the United States, 9 Wheaton, was strongly relied on by the counsel for the respondent, as supporting the jurisdiction of the Court by injunction in all cases of franchise; much of the reasoning of that case is inapplicable to the present one, and the Court seem to base their argument on the supposition that the tax upon the bank would work an irreparable injury, by destroying the franchise, and driving the institution from the State; and that the State might be unable to respond in damages for the injury. There is a wide difference in the two cases, and no pretence is made that the sheriff is unable to satisfy any damages that may accrue, or that the franchise will be destroyed.

The practice of granting writs of injunction in every conceivable case affecting personal and real estate, and restraining persons in the enjoyment of their property, has been carried to a

greater extent perhaps in this State than any other; so much so, as to impair the efficiency of and benefits arising from the judicious exercise of this power.   These abuses ought to be checked by this Court wherever they occur.

We are of opinion the injunction was improvidently granted, and that the plaintiff is not entitled to the relief prayed for having a sufficient remedy at law.

> Judgment of the Court below reversed; and the injunction dissolved.

ANDERSON, Justice.—I concur in the opinion.