WM. M. GATES, Appellant, v. HENRY TEAGUE, Respondent.

No. 1285; December 8, 1856.

> Injunction.—In Cases of Trespass an injunction is granted only when irremediable injury is imminent.

> Trespass.—In Cases Where Joint Trespassers are concerned, one action at law is sufficient.

> Injunction.—An Averment in a Complaint That Defendants are Lawless and irresponsible does not import necessarily that they are insolvent.

> Trespassers—Removal of Quartz—Criminal Prosecution.—Naked trespassers, without right and insolvent, removing gold-bearing earth are subject to criminal prosecution.

APPEAL from Fourteenth Judicial District, Sierra County.

Dunn, Meredith & Spear for appellant; Foster & Stewart for respondent.

HEYDENFELDT, J.—A court of chancery is always chary of granting injunctions in cases of mere trespass, and the allegations of the bill in this case do not bring it within any rule by which it can be allowed. True, it is said that the injury will be irreparable, but it does not show how. Depriving the complainants of a large amount of gold-bearing earth is a loss, but not irremediable in the sense which will

entitle them to the relief they seek. The averment that the defendants are irresponsible and lawless persons is not such an averment of insolvency as can strengthen the complainants' case: See De Witt v. Hays, 2 Cal. 463, 56 Am. Dec. 352.

The averment of a former trial at law fails to show with any accuracy what was the question in dispute and what particular issues were decided by the verdict. Nor can they be entitled to any favor upon the ground of preventing a multiplicity of suits. The defendants, it would seem from the allegations of the bill and the form of this action, are joint trespassers. One action, then, at law, would alone be necessary against all of them. By such action, if they are wrongfully in possession, the possession can be recovered, or if mere occasional trespassers, a recovery can be obtained for the full amount of the injury complained of. Even if in such an action the right was found for the plaintiffs, if in addition thereto the facts disclosed that the defendants were mere naked trespassers, without color of right, and were actually insolvent so as to be unable to respond in damages, I do not see why they could not be punished criminally, and with better effect, than the punishment which would doubtless have to follow an injunction for contempt in disobeying the restraining process of the court.

Judgment affirmed.

I concur: Murray, C. J.