Commonwealth v. Simonds.

CASE 127—INDICTMENT—NOVEMBER 26, 1881.

## Commonwealth v. Simonds.

APPEAL FROM FAYETTE CIRCUIT COURT.

The machine known as "French pool" or "Paris mutual," used in betting on horse-racing, is a "contrivance used in betting" within the meaning of section 6, article 1, chapter 47, General Statutes.

C. J. BRONSTON FOR APPELLANT.

The contrivance used in selling "French pools" or "Paris mutuals" comes within the language and spirit of section 6, article 1, chapter 47, General Statutes. Any character of contrivance or device which involves chance or speculation as a source of gain deserves the penalty of the statute. (Smith, &c., v. Commonwealth, MS. Op., September 15, 1881; Ritte v. Commonwealth, 18 B. M., 38; Commonwealth v. Burns, 4 J. J. M., 177; Tallett v. Thomas, Law R: Q. B., 514–521.)

FRANK WATERS FOR APPELLEE.

The machines or contrivances intended to be embraced by the statute are faro-banks, gaming-tables, or machines in themselves games of chance, and where the winning or losing of bets is determined by the machine itself. The contrivance set up by appellee does not fall within that description, and therefore does not deserve the penalty of the statute. (Wilson v. Conlin, Appellate Court, Second Dist. Illinois, 1879; Applegarth v. Colley, 10 Mees. & Wels., 723; Smith on Contracts, 245; Bishop on Statutory Crimes, secs. 846, 862, 872–3; West v. Commonwealth, 3 J. J. Mar., 641; United States v. Milburn, 4 Cr. C. C., 719; Harless v. United States, 1 Morris, 169; State v. Hayden, 31 Mo., 35; State v. Rorie, 23 Ark., 726; Commonwealth v. Shelton, 8 Gratt., 592; Gen. Stats., chap. 47, art. 1, secs. 1, 6, 11, and 19; Cheek v. Commonwealth, 79 Ky., 359.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellee was indicted for the offense of setting up, exhibiting, and keeping a contrivance used in betting, commonly known as "French pool."

It is not disputed that the accused set up, exhibited, and used the contrivance known as "French pool," and that tickets representing money were bought from, and registered by him on or by means of the "contrivance."

Commonwealth v. Simonds.

And the only question in this case for our decision is, does. the sixth section of article 1, chapter 47, General Statutes, embrace the contrivance known as "French pool?"

That part of the section applicable to the question reads:

"Whoever shall set up, exhibit, or keep for himself or another, or shall procure to be set up, exhibited, or kept, *any faro-bank, gaming-table, machine, or contrivance used in betting, or other game of chance, whereby money or other thing is or may be won or lost,* shall be fined," &c.

"French pool," also called "Paris mutual," is described to be a small *machine,* containing the name of each horse to. be run in a particular race written or printed on the side, and printed numbers placed on the inside of the machine, which. could be seen through holes in it. It is used by the owner or person operating it, and by those engaged in betting on horse-racing in this way:

The owner or operator sells the tickets for five dollars. each; they bear numbers corresponding with the number given the horse on the machine, and by turning a crank or screw attached to the machine the betters are shown at. once the number of tickets sold on each horse as each of said tickets is sold, so as to enable him to bet more intelligently and safely, and lessen the chances of disaster to himself.

After the race is over, the machine is examined to see how many tickets have been sold, and those persons holding tickets on the winning horse get the amount of all the money received by the operator for all the tickets sold by him on all the horses that have run in the particular race, less. five per cent. commission on the pool, which the operator of the machine retains for his services.

It is true, the operator or owner of the machine, by receiving five per cent. certain, without regard to the issue of the race, is not guilty of gaming or betting, in a technical sense, because he hazards nothing; but the ticket-buyers are engaged in unlawful betting, whereby they either win the money of other ticket-buyers or lose their own, and the machine is used by the ticket-buyers in betting, and the operator or owner of the machine sets it up, exhibits, and uses it for the ticket-buyers, and to aid them in unlawful betting, whereby they win money or lose money, and we are therefore of the opinion that the evidence shows in this case that the accused set up, exhibited, and used the machine known as "French pool;" that it is a contrivance used in betting, by which betting money or other thing is or may be won or lost, and it is within the description of the statute.

This same "contrivance" was introduced into England a few years since, and it was declared to be an instrument of wagering, and that the wagering by purchase of tickets on a horse-race was a wagering on a game of chance within the statute of 32 Victoria, chapter 52, section 3, which punishes as rogues and vagabonds those who play or bet at or with such a contrivance or instrument in a public place. (Tallett v. Thomas, Law R. Q. B., 514-521.)

The case of Cheek v. Commonwealth, lately decided by this court, simply decided that pool-selling was not a bet or game of chance, as the seller ran no risk, but that his act might be declared to be a public nuisance under a certain state of concurrent facts.

Wherefore, the judgment is reversed, and cause remanded, with directions to grant appellant a new trial, and for further proper proceedings.