[Civ. No. 7985. Second Appellate District, Division One.—June 30, 1934.]

E. S. MERRILL, Respondent, v. HEROLD P. HARE, as Administrator, etc., Appellant.

Welburn Mayock and Ralph C. Curren for Appellant.

Stanley Moffatt for Respondent.

HOUSER, J.—Primarily, the instant appeal depends upon the legality of a judgment that was rendered in the superior court in favor of plaintiff in an action on two claims which, before action was commenced thereon, had been duly presented to, and rejected by, an administrator of an estate, and which claims in the aggregate thereof amounted to the sum of $287.

■ Appellant urges the point that because the amount for which judgment was demanded in the complaint in the action was only $287 at the time when the action was commenced the superior court was without jurisdiction. In that connection, in effect respondent asserts that because a part of the relief which he sought was "a restraining order or injunction . . . requiring defendant administrator not to distribute the said assets in his hands" until a judgment could be obtained and entered in the action,—notwithstanding the conceded fact that the total amount for which a judgment might be rendered was $287 only, the superior court was vested with jurisdiction. In other words, because of the asserted fact that the superior court was called upon to grant relief that pertained to the equity side of the court, the amount for which judgment was demanded was not determinative of the jurisdiction of that court.

That such a principle of procedure is the law of this state is attested by various decisions, especially as it pertains to actions to foreclose liens and to those which involve the title or possession of real property. (7 Cal. Jur., 685, 687, and authorities there cited.) However, in an action brought for the purported purpose of foreclosing a mechanic's lien, it also is the rule that if no cause of action to enforce such a lien is stated, and the amount for which judgment is demanded is less than the jurisdictional amount in ordinary actions at law, the superior court is without jurisdiction in

the premises. (*Davis* v. *Treacy*, 8 Cal. App. 395 [97 Pac. 78].)

In the case of *DeWitt* v. *Hays*, 2 Cal. 463, 469 [56 Am. Dec. 352], it was said: "To entitle the plaintiff to the equitable interposition of the court, he must show a proper case for the interference of a court of chancery, and one in which he has no adequate or complete relief at law. In the present case, under an allegation of irreparable injury, the plaintiff seeks to avail himself of the writ of injunction, which has been styled 'the right arm of the law'. The simple allegation of irreparable injury is not sufficient, it should appear to the court from the facts set forth in the bill."

But aside from such authority, it is obvious that the decision as to whether the complaint in an action properly may be regarded as a basis for affording relief in equity to the plaintiff therein must be tested by the sufficiency of the allegations contained within such complaint, rather than by the prayer and the demand of the plaintiff. In the instant appeal it therefore becomes important to consider the pertinent allegations of the complaint presented by the plaintiff in the action in the lower court. In full, such allegations were as follows:

"That the estate of the above-named deceased is now ready to be distributed and has been partially distributed, and plaintiff is informed and believes that if the same is fully distributed he will never be able to receive said sums in payment of said claims; that the administrator of said estate will very soon distribute the same unless restrained by order of this court and in case of such distribution plaintiff would be without a remedy at law."

The substance of such pleading is that, solely on information and belief, plaintiff asserts that if the estate of the deceased be distributed "he will *never be able to receive* said sums in payment of said claims"; and that "in case of such distribution, plaintiff would be *without a remedy at law*". Without reference to any question which may relate to the general sufficiency of the complaint (*Sime* v. *Hunter*, 50 Cal. App. 629 [195 Pac. 935]; *Miller* v. *Miller*, 171 Cal. 269 [152 Pac. 728]; *Verdier* v. *Roach*, 96 Cal. 467 [31 Pac. 554]); or to the manner in which the substantive facts were pleaded;—in the assumed "fact" that the plaintiff was "without a remedy at law" (and which statement was a

necessary allegation before plaintiff might become entitled to relief in equity), it is apparent that plaintiff was mistaken. At the time the action was commenced, section 1648 of the Code of Civil Procedure (now section 953 of the Probate Code) contained the following provision:

"If there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established, or absolute, must be paid into the court, and there remain, to be paid over to the party when he becomes entitled thereto; or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require."

By the terms of such statute, a "remedy at law" affecting the claim of plaintiff was completely indicated; and the trial court was required to take notice thereof. (Sec. 1875, Code Civ. Proc.; 10 Cal. Jur., 691 et seq.) It follows that, as far as relief in equity was concerned, the complaint failed to state a cause of action, and consequently that the trial court was without jurisdiction to entertain such action.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1934.

Shenk, J., voted for a hearing.