JOHN L. FEENEY *vs.* EASTERN RACING ASSOCIATION, INC.

Suffolk.    May 3, 4, 1939. — July 27, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Racing.    Wager.    De Minimis non curat Lex.    Words,* "Breaks."

Consideration and determination by this court of the interpretation of a statute involving sizable aggregate amounts was not precluded by the fact that the sum involved in the instant case was but ten cents.

"Breaks" to be deducted under G. L. (Ter. Ed.) c. 128A, § 5, as amended by Sts. 1935, c. 454, § 1; 1936, c. 351, in computing an amount to be paid a winning wagerer are the amount of odd cents in excess of any multiple of ten cents thereon payable to him on the whole amount of his wager, not on each dollar of his wager.

CONTRACT OR TORT, afterwards by amendment CONTRACT. Writ in the Municipal Court of the City of Boston dated June 15, 1937.

On removal to the Superior Court, the case was heard by *Good*, J., who found for the plaintiff in the sum of $2.60. The plaintiff alleged exceptions.

*J. J. Curran,* (*J. V. Murphy* with him,) for the plaintiff.
*H. W. Corbett,* for the defendant.

RONAN, J.    In this action of contract the plaintiff seeks to recover $2.70 as an award or dividend upon a wager of $2 placed by him upon a horse.    The horse was one of the winners in a race, held at a racing meeting conducted by the defendant in accordance with the provisions of G. L. (Ter. Ed.) c. 128A, inserted by St. 1934, c. 374. The defendant admits that it owes the plaintiff $2.60. The plaintiff excepted to a finding in his favor in the last mentioned amount.

Ordinarily, the amount in controversy would not warrant judicial review at public expense even if the parties were content to assume and pay the usual costs and expenses incidental to the continuance of this litigation.    The benefit that might accrue to the excepting party would be utterly disproportionate to the cost and time expended in prosecuting the action to final judgment.    The enforcement by an action at law of a money claim of a trifling amount ought not to be encouraged.    *Workman* v. *Worcester,* 118 Mass. 168, 175.    *Chapman* v. *Banker & Tradesman Publishing Co.* 128 Mass. 478, 479.    *Gale* v. *Nickerson,* 151 Mass. 428, 432.    *Sandford* v. *Wright,* 164 Mass. 85, 87–88. *Sears* v. *Mayor & Aldermen of Worcester,* 180 Mass. 288. *Giragosian* v. *Chutjian,* 194 Mass. 504.    *A. Doykos & T. Pappas, Inc.* v. *Leventhal,* 290 Mass. 375, 376.    But the interpretation of a statute providing for the determination of breakage, so called, between the wagerer and the licensee conducting a race meeting and its consequent effect upon the amount of revenue to be derived by the Commonwealth from this source are matters of genuine public concern because of the sizeable aggregate amounts involved.    It may be advisable, in the interest of the thousands who place wagers at the various race meetings in this Commonwealth, to settle the method by which the breakage is to be computed and deducted from their share in the winnings. We think the issue now presented should be decided.    *Boyden* v. *Moore,* 5 Mass. 365, 371, 372.    *Shurtleff* v. *Potter,* 206 Mass. 286.    *Shaheen* v. *Hershfield,* 247 Mass. 543.

*Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston,* 268 Mass. 416. *Dowling* v. *Assessors of Boston,* 268 Mass. 480, 485.

The defendant was duly licensed under G. L. (Ter. Ed.) c. 128A to conduct a horse racing meeting upon its premises on May 24, 1937. The plaintiff placed a wager of $2 upon a horse which was among the winning horses in one of the races conducted at this meeting. The parties are in accord as to the total amount wagered upon all the horses that competed in this race, the amount deducted by the defendant from the total pool, the amount of the winnings allocated for distribution among those who placed wagers upon each of the three winning horses, and the total amount wagered on each of these three horses. The parties differ as to the correct method in computing the "breaks," so called. The plaintiff contends that he is entitled to participate in the total winnings of $1,542.23 earned by the horse upon which he bet, in the proportion that his wager of $2 bears to $4,280, the total amount wagered on this particular horse, which, including the amount of his bet, results in his share being $2.72, and that of this amount only two cents should be deducted and retained by the defendant as the amount representing the "breaks." The defendant contends, upon the same figures, that the plaintiff was entitled to an award of thirty cents on each dollar wagered by him and that consequently he is entitled to receive $2.60.

G. L. (Ter. Ed.) c. 128A, § 5, as amended by St. 1935, c. 454, § 1, and St. 1936, c. 351, provides that the defendant "shall return to the winning patrons so wagering . . . all sums so deposited as an award or dividend, according to the acknowledged and recognized rules and method under which such pari-mutuel or certificate system has been operated, less the breaks, as defined in this section, and less an amount not to exceed ten per cent of the total amount so deposited by the patrons wagering on the speed or ability of horses in a race or races." The "breaks" are defined in the same section as follows: "One half of the odd cents over any multiple of ten cents otherwise payable to

a patron wagering shall be retained by the licensee, and one half shall be paid to the commission . . . Such odd cents shall in this chapter be called the 'breaks'."

The computations of the parties as shown by the record disclose that each winning patron is entitled to share in the winnings of a horse upon which he has placed a wager in the proportion that his wager bears to the total amount wagered upon this horse, after the statutory deduction of ten per cent has been made and less the "breaks." The licensee was required to conduct the betting in accordance with the pari-mutuel or certificate system of wagering, and the parties agreed that this system was employed in determining the awards due to the winning patrons. The parties further agreed that the defendant was acting in accordance with the acknowledged and recognized rules and methods of this system in computing the ratio of the net winnings on the basis of one dollar for the purpose of determining the award or dividend to winning patrons. The award or dividend was to be calculated in accordance with the recognized rules of a certain wagering system employed by the defendant, but the "breaks" were expressly defined by the statute, and they were not a part of the said system. The system of betting, which was the only one permitted by law to be used, is not of recent origin, although it has been known under different names, and under that system the total amount wagered, less a certain percentage, retained by the manager of the betting, was distributed to the winning patrons. *Tollett* v. *Thomas*, 6 Q. B. 514, 520. *Pompano Horse Club, Inc.* v. *State*, 93 Fla. 415. *People* v. *Monroe*, 349 Ill. 270. *Weiss* v. *Schachter*, 275 Ill. App. 26. *Commonwealth* v. *Simonds*, 79 Ky. 618. *Louisville* v. *Churchill Downs*, 267 Ky. 339. *James* v. *State*, 63 Md. 242. *State* v. *Lovell*, 10 Vroom, 458. *Utah State Fair Association* v. *Green*, 68 Utah, 251.

The amount of the winnings allocated to the horse upon which the plaintiff bet, divided by the total amount wagered on the horse in question, shows that thirty-six cents were won on each dollar wagered. The defendant deducted the six cents on each dollar of a $2-wager as the "breaks," and

accordingly offered the plaintiff as the maker of a $2-wager the return of his money together with sixty cents. But the plaintiff did not make any $1-wager. The true interpretation of the statute is that the "breaks" were to be deducted from the amount which was otherwise payable to him; that amount in the present case is $2.72, and is the sum from which the "breaks" were to be deducted. But the only breakage that could be deducted was the odd cents over any multiple of ten cents, which, in the instant case, amounted to two cents. The defendant was wrong in computing the "breaks" in calculating the award or dividend of the plaintiff, whose proportional share in the winnings must first be ascertained before the "breaks" could be determined and deducted therefrom, in accordance with the statute. The breakage was not the odd cents over a multiple of ten cents on each dollar of the award or dividend. Successive "breaks" cannot be deducted from a single wager. Under the statute the maximum breakage that is permissible upon any possible ratio of the amount wagered to winnings is nine cents on any one bet. The defendant was not entitled to deduct a breakage of twelve cents.

There was error in finding that the plaintiff was entitled to receive only $2.60, and in refusing to give his second request for ruling.

*Exceptions sustained.*