SHAW, P. J.
 

 This action was commenced by plaintiff in the Municipal Court of the City of Los Angeles and upon proceedings which are not here questioned, and which we therefore assume to have been proper, was transferred to the justice’s court from which this appeal is taken. The justice’s court sustained a demurrer to the complaint with leave to amend and, no amendment having been made, a judgment of dismissal was entered, from which the plaintiff appeals.
 

 This appeal requires us to construe section 14 of the Act of 1933 regulating horse racing (Stats. 1933, p. 2046; Peering ’s Gen. Laws, 1937 ed., Act 3421). This act authorizes wagering upon horse races, provided the wagers are made within the enclosure of a licensed race track and by “the pari mutuel or mutual method of -wagering” (secs. 3, 8, 14) ; and section 14 provides that the “commission deducted by any licensee from pari mutuel pools shall not exceed eight percent (in addition to which 4 per cent is paid to the state for a license. Sec. 12) of the gross amount of money handled, and the odd cents of all redistributions to be made on all mutual contributions exceeding a sum equal to the next lowest multiple of ten”. The provision in question here is that underlined.
 

 In his complaint plaintiff recounts the story of a visit made by him to a licensed horse racing track operated by
 
 *Supp. 886
 
 the defendant, during which he made a wager on a certain horse under the pari mutuel system of wagering carried on there by defendant. This proved to be a winning wager, but when the time for payment arrived plaintiff and defendant disagreed as to the amount to which plaintiff was entitled. Plaintiff wagered $2, and the winnings thereof were $0,879 for each dollar or a total of $1,758, before making any deduction for odd cents, sometimes called “breakage”. Plaintiff’s claim is that he was entitled to $1.70, being these total winnings less $0,058 as the odd cent (or “breakage”) deduction, and to the return of his wager, making the total of $3.70, which he demanded. The defendant deducted $0,079 for odd cents (or “breakage”) from the winnings of each dollar wagered by plaintiff, leaving $0.80 as the amount due plaintiff on each dollar wagered by him, and tendered him twice this amount, or $1.60, plus his original wager, making the total sum of $3.60.
 

 We conclude that plaintiff is right and defendant is wrong in construing the statute. It authorizes the deduction of the odd cents ‘1 of all redistributions to be made on all mutual contributions” only. This language uses words not commonly applied to such a subject matter; but considering it in the light of the remainder of the act and in view of what goes on under the pari mutuel system of wagering, we can plainly see that “contributions” are the bets or wagers made and “redistributions” are the sums to be paid to the several winners as winnings. There is no warrant in these words for dividing a wager (“contribution”) or winnings (“redistribution”) into fractions of any size and deducting odd cents for each fraction separately. The amount to be returned on any winning wager must be considered as a whole, and the odd cents deduction must be made accordingly and can be taken only once for any such wager. Substantially the same question has arisen in Massachusetts under the law of that state authorizing pari mutuel betting, and the Supreme Court of that state has decided it in accordance with the views above expressed.
 
 (Feeney
 
 v.
 
 Eastern Racing Assn.
 
 (1939), 303 Mass. 602, 22 N. E. (2d) 259.) The statute there involved is more plainly worded than ours, but the differences are not such as to impair the value of that case as authority here.
 

 There is an uncertainty in the complaint as to the amount for which suit is brought, for while the complaint
 
 *Supp. 887
 
 alleges that plaintiff demanded $3.70 and defendant offered him $3.60, it does not state whether plaintiff accepted this offer. But no demurrer was interposed on this ground and the point cannot be considered now. If plaintiff accepted the offer, this might have been done under such circumstances as to constitute an accord and satisfaction, but that fact does not appear from the complaint, and if any such defense exists it must be raised by answer. Whether plaintiff sues for ten cents or for $3.70, he has stated a cause of action to recover money to which he is legally entitled, and cannot be refused relief, in the inferior court having jurisdiction of actions for such amounts, merely because the amount is small. The rule of
 
 de minimis,
 
 on which defendant relies, will be applied to such cases only where an award of a nominal amount will not carry costs and no question of right is involved.
 
 (Kenyon
 
 v.
 
 Western Union Tel. Co.
 
 (1893), 100 Cal. 454, 459 [35 Pac. 75].) Here judgment for plaintiff would, in the discretion of the trial court, carry costs. (Code Civ. Proc., see. 1031.) Moreover, there is here involved the construction of a statute on a matter which is doubtless of interest to many persons, and for this reason also the maxim referred to should not be applied.
 
 (Feeney
 
 v.
 
 Eastern Racing Assn., supra
 
 [303 Mass. 602, 22 N. E. (2d) 259].)
 

 In addition to stating his cause of action as above set forth, plaintiff claims by his complaint to represent and sue for numerous other persons who have made wagers at defendant’s track and against whom defendant has made the same error in figuring “breakage”, and he demands in their behalf an accounting of all these transactions and seeks to recover for them sums aggregating more than $200,000. We have carefully considered these allegations and find them entirely insufficient to show a case in which the law would authorize the bringing of such a representative suit by plaintiff or entitle him to an accounting. We see no good purpose to be accomplished by a discussion at length of these allegations or the law in regard to them. Plaintiff’s demand for an accounting depends entirely on his right to bring a representative action. Our conclusion that he cannot maintain this as a representative action is based on the principles declared in
 
 Carey
 
 v.
 
 Brown
 
 (1881) 58 Cal. 180, 183, 184, construing section 382 of the Code of Civil Procedure, and in
 
 *Supp. 888
 
 cases construing like statutes of other states, among which are these:
 
 Brenner
 
 v.
 
 Title Guar. & Tr. Co.
 
 (1937) 276 N. Y. 230 [11 N. E. (2d) 890, 114 A. L. R. 1010, 1013, 1014] ;
 
 Society Milion Athena
 
 v.
 
 National Bank of Greece
 
 (1939) 281 N. Y. 282 [22 N. E. (2d) 374, 377] ;
 
 Batman
 
 v.
 
 Louisville Gas etc. Co.
 
 (1920) 187 Ky. 659 [220 S. W. 318, 329] ;
 
 Lile
 
 v.
 
 Kefauver
 
 (1932) 244 Ky. 486 [51 S. W. (2d) 473, 475] ;
 
 Garfein
 
 v.
 
 Stiglitz
 
 (1935) 260 Ky. 430 [86 S. W. (2d) 155] ;
 
 Thorn
 
 v.
 
 Geo. A. Hormel
 
 &
 
 Co.
 
 (1940) 206 Minn. 589 [289 N. W. 516, 518],
 

 We have, then, a cause of action sufficiently stated which is within the jurisdiction of the justice’s court. The allegations regarding other causes of action, of which it has no jurisdiction, are insufficient to state such causes of action or even to show that by amendment they could be stated. They cannot, therefore, defeat the court’s jurisdiction over the cause which is sufficiently stated.
 
 (Merrill
 
 v.
 
 Hare
 
 (1934) 139 Cal. App. 462 [34 Pac. (2d) 194] ;
 
 Cook
 
 v.
 
 Winklepleck
 
 (1936) 16 Cal. App. (2d) (Supp.) 759, 764, 767 [59 Pac. (2d) 463] ; 21 C. J. S. 179.) The allegations regarding plaintiff's claim to sue in behalf of others being insufficient for that purpose, they may also be ignored as surplusage and the complaint may be treated as one for the enforcement of plaintiff’s rights only.
 
 (Carey
 
 v.
 
 Brown, supra;
 
 see also
 
 California Tr. Co.
 
 v.
 
 Cohn
 
 (1932) 214 Cal. 619, 628 [7 Pac. (2d) 297].)
 

 In addition to making his claim for an accounting, the plaintiff also labeled his complaint as one for declaratory relief. Such relief could not be obtained in a justice’s court. (Code Civ. Proc., sec. 1060.) There is, however, no prayer for such relief, and we find no allegation of the facts which, by the terms of section 1060, Code of Civil Procedure, must exist to entitle a plaintiff to sue therefor. This mere label does not oust the justice’s court of its jurisdiction over the action.
 
 (Cook
 
 v.
 
 Winklepleck, supra
 
 [16 Cal. App. (2d) 759, 764];
 
 Standard Brands
 
 v.
 
 Bryce
 
 (1934) 1 Cal. (2d) 718, 721 [37 Pac. (2d_) 446].)
 

 The judgment is reversed and the cause is remanded to the justice’s court with directions to overrule the demurrer and permit the defendant to answer, appellant to recover his costs of appeal.
 

 Bishop, J., and Fox, J., concurred.