137 Cal.App.2d Supp. 849 (1955)
JOSEPH G. KENNEDY et al., Respondents,
v.
PIERRE DOMERQUE et al., Appellants.
California Court of Appeals. 
Nov. 9, 1955.
 Carl B. Sturzenacker for Appellants.
 Carter, Flournoy & Woods for Respondents.
 BISHOP, Acting P. J.
 This is an action to recover the damages authorized by section 52, Civil Code, in case an innkeeper refuses accommodations because of the color of the applicant. Two plaintiffs, Joseph G. Kennedy and Frank Barnes, bring the action on behalf of themselves and four others, alleging in the complaint that the others for whom they purport to act "are so numerous and in varied localities that it would be impractical to bring all before the Court as individual plaintiffs. ..."
 Section 382, Code of Civil Procedure, does not authorize this attempt at a representative action. [1] In the first place, four persons are not so numerous that it would be impractical to have them appear as plaintiffs, should they desire to press a cause of action. Of greater consequence, the plaintiffs and the persons on whose behalf the present action was brought, do not have a "community of interest" that brings them within the purview of the section. (Weaver v. Pasadena Tournament of Roses Assn. (1948), 32 Cal.2d 833, 837-840 [198 P.2d 514, 517]; Ballin v. Los Angeles County Fair (1941), 43 Cal.App.2d Supp. 884, 887-888 [111 P.2d 753, 756].)
 In support of the judgment--which provided that plaintiffs recover from defendants the sum of $400--the plaintiffs argue that they acted as agents for the other plaintiffs in seeking [137 Cal.App.2d Supp. 851] lodging, and as agents could bring this action. Without seeking to determine whether or not an agent may prosecute an action on his principal's behalf, in such a situation as we have here, we find plaintiffs' argument lacks convincing force because it is supported neither by the pleading nor by the evidence. The theory of the complaint was that this is a representative action, not one brought by an agent on behalf of his principal. [2] The evidence revealed that the only connection that plaintiff Frank Barnes had with the affair was that, upon receipt of a telegram from plaintiff Bailey requesting him to reserve 1 double room and 2 single rooms, he did so--nothing more. No agency to bring an action on behalf of Bailey, or any plaintiff, can be spelled out of these facts. Plaintiff Joseph Kennedy did go around to see about the lodgings that Bailey had reserved, probably on behalf of the other plaintiffs (not including Barnes, who was not desirous of accommodations), but there is nothing in that circumstance to warrant an inference that he thereby became the agent of the others to bring this action.
 For another reason the judgment should be reversed. The complaint refers to the two who bring the action and the four on whose behalf it is brought, as plaintiffs. [3] After alleging that the plaintiffs made application for lodging, which the defendants refused them solely because of their color, the complaint concluded its allegations with the statement "that by reason of the premises these plaintiffs have suffered damages in the sum of one hundred dollars ($100.00) each." A prayer for $500 followed. The findings, by reference, find the allegation as to damages true (except as to plaintiff Willie, who was nonsuited). But by the judgment that was entered it was ordered, etc., "that plaintiffs recover from defendants the sum of $400.00." No plaintiff was entitled to more than $100. The plaintiff Barnes was not refused lodging, so far as appears, and he was not entitled to any judgment in his favor. We are not passing upon the question whether those plaintiffs who did not personally appear to claim their lodgings have a cause of action.
 The judgment is reversed.
 Swain, J., concurred.
 PATROSSO, J.
 I concur, with this additional comment: Assuming that the plaintiffs, as well as the other named persons upon whose behalf the action purports to be brought, [137 Cal.App.2d Supp. 852] could properly be joined as parties plaintiff (see Code Civ. Proc., 378), and disregarding, in the absence of a special demurrer, the fact that their individual causes of action are not separately stated, a joint judgment in favor of all such plaintiffs is not authorized. (Emery v. Pacific Emp. Ins. Co. (1937), 8 Cal.2d 663, 666 [67 P.2d 1046].)