[No. 7,080.—Department Two.]

R. S. CAREY v. W. W. BROWN ET AL.

COMPLAINT—DEMURRER—PLEADING—PARTIES—ACTION BY ONE IN BEHALF OF NUMEROUS PARTIES.—If a plaintiff attempts to sue in behalf of others as well as himself, and does not allege the facts necessary to entitle them to participate in the action, his allegations in this behalf are redundant, and may on motion be stricken out, or their insufficiency may constitute a good ground of objection to any participation in the action by such third parties; but the complaint, if otherwise sufficient, is not open to demurrer on this account.

ID.—PARTIES—INTERVENTION—ACTION TO QUIET TITLE.—In an action to quiet title, the only question involved is one of title to the land claimed by the plaintiff and the defendants adversely; and the fact that the defendants claim an interest or estate in a larger tract, including the land claimed by the plaintiff, which, if valid, would be equally valid as to land claimed by many other persons, does not constitute a question of such common or general interest to many as will enable one to sue for the benefit of all.

ID.—ID.—ID.—The code permits one to sue or defend for the benefit of many persons, only in cases where they are so united in interest with the person who brings the action, or defends against it, as to make them necessary parties under the first clause of § 382, Code Civ. Proc.

ID.—ID.—ID.—Even where the complaint is sufficient to show the plaintiff is entitled to sue on behalf of others, and such others might intervene at some stage of the proceedings, it is too late for them to do so after final judgment in favor of the actual plaintiff.

ID.—ID.—ID.—Where the recovery is of something in which persons other than the plaintiff are interested with him, the case is different; and in such case a Court of equity has the power to provide for a distribution of the property recovered among those who are entitled to share in it.

CONSTRUCTION OF FINDINGS—SUFFICIENCY OF FINDINGS.—A finding that all
the allegations of the complaint are true, and all the allegations of the
answer untrue, is sufficient; nor can the objection be sustained—that it
is contradictory—because some of the allegations of the complaint are re-
peated in the answer. The findings are upon the issues of fact, and
must be limited to the conflicting allegations of the pleadings.

PATENT—MEXICAN GRANT.—The patentees of a Mexican grant can not be
permitted while the patent stands, to aver that the complaint comprised
other or different lands from those mentioned in the patent.

APPEAL—STIPULATION—SUPREME COURT—PRACTICE.—A stipulation that an
appeal has been duly perfected is conclusive on this Court, and can not
be avoided *here* on the ground that it was entered into under a mistake
of fact.

APPEAL from a judgment for the plaintiff and intervenors,
and against the defendants, in the Sixth District Court, County
of Yolo.    DENSON, J.

After the decision the appellants applied for a rehearing
in Bank, and the application was denied.

*T. R. Wise* and *J. B. Mhoon,* for Appellants.

*A. P. Catlin* and *J. H. McKune,* for Respondent.

SHARPSTEIN, J.:

The plaintiff alleges that he is the owner and in the pos-
session of certain lots, pieces, and parcels of land, in the
County of Yolo, which are described in the first paragraph of
the complaint.    In the next paragraph he states that the de-
fendants claim to be the owners of an undivided interest of
seven eighths of a tract comprising about thirty thousand
acres, which includes the land described in the first paragraph,
besides the lands of a large number of other persons who de-
rive their titles from the same source that the plaintiff de-
rives his.    He states that he brings this action "in behalf of
himself, and all other persons interested in common with
plaintiff, in the subject-matter, and question hereinafter men-
tioned, who shall in due time come into Court and seek relief
by and contribute to the expense of this action."    He prays,
that the claims of the defendants to the lands owned by the
plaintiff and others in whose behalf he sues, be determined
and adjudged to be invalid.

The complaint was demurred to on several grounds which,

with one exception, are based upon the attempt of the plaintiff to sue on behalf of persons not named in the complaint. The exception is that the complaint does not state facts sufficient to constitute a cause of action. In our opinion it does. If everything relating to persons other than the plaintiff and defendants named in the complaint should be stricken out, enough would remain to constitute a cause of action as between the parties named. And it seems to us that if the plaintiff attempted to sue on behalf of others as well as on his own, and did not allege the facts necessary to entitle them to participate in the action, his allegations in that behalf were redundant, and might, on motion of the defendants, have been stricken out. Or the insufficiency of the allegations in that respect would constitute a good ground of objection to any participation in the action by persons not named in the pleadings.

The demurrer was overruled, the defendants filed an answer to the complaint, and a trial was had which resulted in a judgment in favor of the plaintiff named in the complaint against the defendants. Afterwards several persons presented petitions to the Court in which they stated in effect that they severally owned land in said thirty thousand acre tract, and that they derived their several titles from the same source as the plaintiff derived his, and that the defendants claimed adversely to them as well as to the plaintiff, and prayed that a decree similar to that entered in favor of the plaintiff might be entered in their favor. The Court thereupon ordered that the defendants show cause why said prayer should not be granted. In response to that order the defendants appeared before the Court and objected to any further proceedings under it upon several grounds, which it seems to us may be reduced to these two, viz.: That the allegations of the complaint were not sufficient to entitle the petitioners to become parties to the action; and that if they were the application came too late.

In this State any two or more persons claiming any estate or interest in lands under a common source of title, in severalty, may unite in an action against any person claiming an adverse estate or interest therein for the purpose of determining such adverse claim. (Code Civ. Proc., § 381.) "And when the question is one of a common or general interest of

many persons, or when the parties are numerous, and it is impracticable to bring them all before the Court, one or more may sue or defend for the benefit of all." (Id. § 382.) But a party who seeks to avail himself of this provision must allege facts which bring his case within it. He must show that "the question is one of common or general interest of many persons" or that "the parties are numerous and it is impracticable to bring them all before the Court."

According to the allegations of the complaint the claim of the defendants to an interest or estate in the land claimed by the plaintiff, if valid, would be equally valid as to lands claimed by many other persons; and it is contended that this constitutes a question of such common or general interest to many, as will enable one to sue for the benefit of all. It is conceded that their interests in the land are several. There is no privity of estate between them. Is the question in which they are all alleged to be interested one of common or general interest to many persons within the meaning of the code?

The only question involved in this action is one of title to the land claimed by the plaintiff and the defendants adversely. It does not appear that any one had a common or general interest with the plaintiff in that question. A judgment in his favor would simply quiet his title to land in which no one else had any interest.

This case is distinguishable from one in which a creditor sues on behalf of himself and all other creditors to enforce the terms of an assignment for the benefit of creditors; or to set aside such an assignment on the ground that it is illegal and void; or in which one judgment creditor sues on behalf of all other similar creditors to reach the equitable assets, and to set aside fraudulent transfers of the debtor. It is nearly or quite analogous to a case in which one taxpayer attempts to sue on his own behalf and that of all others in a local district to prevent the enforcement of a tax which would be a lien upon all the land within the district. In such a case it has been held that the question is not one of a common or general interest of all the persons affected by the tax. (*New-comb* v. *Horton,* 18 Wisc. 566.) It seems to us that the code permits one to sue or defend for the benefit of many persons, only in cases where they are so united in interest with the

person who brings the action or defends against it, as to make them' necessary parties, under the first clause of § 382, Code Civ. Proc., which precedes the clause that authorizes one to sue or defend for many.

But even were the complaint sufficient in this respect, the judgment entered in favor of parties other than the actual plaintiff could not be sustained. If the persons referred to, but not named in the complaint, might have intervened in the action at some stage of the proceedings, it is quite clear that they could not do so after a final judgment had been entered in favor of the actual plaintiff against the defendants. Under the practice which prevailed in courts of equity prior to the code, the parties represented might come in after an interlocutory decree had been rendered. But those were cases in which such parties were entitled to share in the relief granted to the actual plaintiff. It is quite clear in this case that the parties who might have united with the plaintiff in bringing the action, but did not, could only come in, as intervenors are permitted to, before the trial. After a trial had been had between the actual parties, and a final judgment entered in favor of one of them, it was too late for other parties to intervene in the action. They did not ask to share in the relief granted to the plaintiff, but that similar relief might be granted to them. If the recovery had been of something in which persons other than the plaintiff were interested with him, the case would be different. In that case a court of equity would doubtless have the power to provide for a distribution of the property recovered among those who were entitled to share in it.

The judgment entered in favor of the actual plaintiff, and an order denying the defendants' motion for a new trial, are also appealed from. It is urged that the findings, "that all the allegations of the complaint are true, and all the allegations of the answer untrue," are too general. On the authority of *Pralus* v. *Pac. G. & S. M. Co.*, 35 Cal. 30, this objection must be overruled. The other objection, that they are contradictory because some of the allegations of the complaint are repeated in the answer, can not be sustained. The findings are upon the issues of fact, and in this case must be limited to the conflicting allegations of the pleadings.

It is further urged that the findings are not supported by the evidence. The principal question in the case is whether the land in controversy is within a Mexican grant known as Los Putos, of which the defendants are the owners.

The patent issued to the confirmees of that grant does not include the land claimed by the plaintiff. Claimants under the grant can not be permitted, while the patent stands, to aver that the claim comprised other or different lands from those mentioned in the patent. (*Chipley* v. *Farris*, 45 Cal. 539.) The evidence does not show that the relation of tenants in common existed between the plaintiff and defendants; and the title which the plaintiff acquired from the State is not, as we construe the evidence, impeached.

The motion to dismiss the appeals on the ground that no notice of appeal was filed with the Clerk must be denied. The transcript contains a copy of a notice of appeal from the judgment entered November 18th, 1878, in favor of the plaintiff and against the defendants; also from the judgment entered March 12th, 1879, in favor of *Strong et al.* against the defendants; also from an order entered October 29th, 1879, denying the defendants' motion for a new trial. The notice is addressed to the Clerk of the Court and to the attorneys for the plaintiff and petitioners. Following the address are the words, "Due service accepted." To which a stipulation signed by the attorneys of the respective parties is appended, which reads as follows:

"It is hereby agreed that the foregoing transcript contains a full, true, and correct copy of the judgment roll, the bill of exceptions in this cause, and of all papers necessary to be used on this appeal; that the appeal was duly perfected, and the requisite undertaking on appeal was given and filed within the time prescribed by law; and that the foregoing is a full, true, and correct transcript, and that this appeal may be heard thereon."

It must be admitted, we think, that an appeal could not be duly perfected without filing a notice thereof within the time and in the manner prescribed by law. This being admitted, it would seem to follow that a stipulation that an appeal had been duly perfected would comprehend the due filing of a notice of appeal. And as to all matters embraced

in that stipulation it is conclusive in this Court. It can not be avoided here on the ground that it was entered into under a mistake of fact. (*Bonds* v. *Hickman*, 29 Cal. 460.) The suggestion that the stipulation relates exclusively to the appeal from the judgment first entered, is based upon a narrower view of the scope of the stipulation than its language justifies.

The judgment entered November 18th, 1878, in favor of the plaintiff named in the complaint against the defendants is affirmed. The judgment entered March 12th, 1879, in favor of *Strong . et al.* against the defendants is reversed. The order denying a motion for a new trial is affirmed.

THORNTON, J., MYRICK, J., and MORRISON, C. J., concurred.