[No. 9895.    Department Two.—June 10, 1885.]

# I. A. McCRARY, RESPONDENT, v. V. BEAUDRY, APPELLANT.

WATER—SALE AND DISTRIBUTION—PUBLIC USE—FRANCHISE.—A person engaged in furnishing water to the inhabitants of a city under a franchise permitting him to lay pipes through the streets for that purpose and to sell the water, cannot without reasonable cause shut off the water from one of such inhabitants who is using the same at a fixed rate. The use of water appropriated for sale, rental, or distribution is a public use, and the right to collect rates or compensation for the use of water furnished to the inhabitants of a city is a franchise which can only be exercised by authority of and in the manner prescribed by law.

MANDAMUS—AFFIDAVIT—DEMURRER.—The affidavit upon which a writ of mandate is issued may be treated as a complaint, and demurred to accordingly, but it is not necessary that the affidavit should contain the title of the action or proceeding in which it is made.

ID.—The affidavit in this case examined, and held to be sufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*J. F. Godfrey*, for Appellant.

The affidavit was properly demurred to. (*People* v. *Lake County*, 33 Cal. 492; *Knox* v. *Los Angeles County*, 58 Cal. 59.) The defendant was not bound to supply the plaintiff with water. (Dillon on Municipal Corp. §§ 549, 551; *Patterson Gas Light Co.* v. *Brady*, 3 Dutch. 245.)

*Wells, Van Dyke & Lee*, for Respondent:

The affidavit need not contain the title of the action. (High on Extraordinary Remedies, § 509, and cases there cited.) The use of the water is a public use. (*People* v. *Stephens*, 62 Cal. 209; *Munn* v. *Illinois*, 94 U. S. 126.)

SHARPSTEIN, J.—This is an appeal from a judgment that a writ of mandate issue as prayed in the affidavit of plaintiff.

The affidavit was properly treated as a complaint, which was demurred to by defendant on several grounds, the principal one of which is that it did not state facts sufficient to constitute a cause of action. The complaint shows with reasonable certainty that the defendant obtained from the city of Los Angeles per-

mission to lay water-pipes in the streets of said city for the con-
veyance of water for his use and that of the citizens residing in
what is known as "the hilly section" of said city, "to whom he
might sell or give water." That after obtaining such permission
the defendant laid pipes in said streets and through them con-
ducted water to said section, which he sold to the residents of
said section, of whom the plaintiff was one, at certain monthly
rates, which the plaintiff paid until November, 1884, when the
defendant, without any valid excuse for so doing, shut the water
off from the plaintiff's premises and refused to turn it on again.
Appellant insists that the facts alleged are not sufficient to
impose on him any duty or obligation to furnish the respondent
with water.

It appears sufficiently clear that appellant had appropriated
water for distribution and sale, and that he had acquired and
was exercising the right to collect rates from the inhabitants of
the city of Los Angeles for the use of it; and the use of all
water appropriated for sale, rental, or distribution is declared by
the Constitution to be a public use; and the right to collect rates
or compensation for the use of water to the inhabitants of any
city is a franchise which cannot be exercised except by authority
of and in the manner prescribed by law. (Const. art. xiv.)
Whenever water is appropriated for distribution and sale, the
public has a right to use it. That is, each member of the com-
munity, by paying the rate fixed for supplying it, has a right to
use a reasonable quantity of it, in a reasonable manner. Water
appropriated for distribution and sale is *ipso facto* devoted to a
public use, which is inconsistent with the right of the person so
appropriating it to exercise the same control over it that he might
have exercised if he had never so appropriated it.

In one part of the affidavit it is stated that affiant "has been
paying the said Beaudry for said water at the regular rates
established and demanded of affiant by said Beaudry," and in
another "that affiant has been paying said V. Beaudry for water
for use on said premises for domestic and irrigating purposes
during the eight months last past at the rate of $2.25 per month;
and affiant alleges that he has been at all times, and is now,
ready and willing to pay to said V. Beaudry the sum of money
fixed as the established rate for use of water on said premises,

which he alleges was, and is now, the sum tendered as aforesaid, to wit, the sum of $2.25 per month, and that no greater sum has been, nor is now, demanded by said Beaudry for the use of water on said premises for domestic use and irrigating purposes."

Reading the two paragraphs together it appears that the rate established by appellant for supplying respondent with water was $2.25 per month, which he paid as long as he was supplied with water, and has at all times since been ready and willing to pay.

The facts alleged in the complaint show to our satisfaction that the appellant was in the exercise of a franchise which he could not exercise except by authority of and in the manner prescribed by law, and that the law enjoined on him the duty, resulting from that trust, of furnishing respondent with water.

The writ was issued according to the requirement of the Code upon the affidavit of respondent, the party beneficially interested, and such affidavit was as valid and effectual without the title of the action or proceeding in which it was made, "*for any purpose* as if duly entitled." (Code Civ. Proc. § 1046.)

The affidavit, in a case like this, may be treated as a complaint, and still remain an affidavit, to all intents and purposes.

We think the demurrer was properly overruled.

Judgment affirmed.

MYRICK, J., and THORNTON, J., concurred.