[Civ. No. 6065. First Appellate District, Division Two.—February 28, 1928.]

S. FISHER JELLEN, Appellant, v. DANIEL J. O'BRIEN, as Chief of Police, etc., Respondent.

Walter McGovern for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Assistant City Attorney, for Respondent.

LUCAS, J., *pro tem.*—Plaintiff brought suit to obtain a permanent injunction restraining defendant as Chief of Police of San Francisco, and all of his agents, servants and employees, from enforcing against the plaintiff or any member of the San Francisco Furniture Dealers Association the provisions of an ordinance requiring every person, firm, or corporation engaged in buying or selling second-hand merchandise to secure a quarterly permit and to pay a license of twenty-five dollars per quarter.

The complaint, among other things, alleges: "That San Francisco Furniture Dealers Association is and at all times herein mentioned was a voluntary association of citizens of and residents of the City and County of San Francisco engaged in business at fixed places of business in the City and County of San Francisco as Retail Furniture Dealers and that the membership of such association proximates a large number of individuals each and all of whom are affected by all of the matters and things hereinafter referred to and each and all of them are subject to a like injury and damage as the injuries complained of by plaintiff in this action and that the wrongs hereinafter complained of are threatened against each and all of the said San Francisco Furniture Dealers Association by the said defendant; and that in order to prevent a multiplicity of suits upon the same subject matter and to procure the same identical relief, this plaintiff, as the Secretary of the said San Francisco Furniture Dealers Association, has commenced this action in behalf of all of the members of the said San Francisco Furniture Dealers Association."

Then follow allegations in reference to the enactment of the ordinance in question, its threatened enforcement against each and all of the members of the San Francisco Furniture Dealers Association, including threats of arrest and imprisonment, allegations as to the invalidity of the ordinance and its inapplicability to the members of said association, and a prayer for injunctive relief.

On October 15, 1923, the court granted the relief sought for and in so doing found: "That neither the said plaintiff nor any of the members of the said San Francisco Furniture Dealers Association are or were at the date of the alleged demand and threats by the said defendant engaged in any business which required either a permit from the Board of Police Commissioners or which demanded the payment of any license tax, fee or money as a condition to the continued conduct thereof."

On September 3, 1925, the court made its order amending its original decree by striking therefrom all reference to the San Francisco Furniture Dealers Association, thereby making the injunction applicable to the plaintiff only.

From this order appeal was taken by "S. Fisher Jellen, as Secretary and representative of the San Francisco Furniture Dealers Association, and its members, and the San Francisco Furniture Dealers Association, a voluntary association, and the members of the San Francisco Furniture Dealers Association, a voluntary association."

Appellant Jellen contends that the judgment of permanent injunction became final for all purposes many months before respondent sought to modify or amend it, that the court was without jurisdiction to modify it, and that the order appealed from is therefore invalid.

Respondent urges that the members of the association in question, other than S. Fisher Jellen, were improperly joined as parties plaintiff and that the court exceeded its jurisdiction in granting them a permanent injunction.

"There are in general three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment. For the absence of any one of these elements, when properly apparent, the judgment may be vacated at any time, whether before or after the term or the time limited by statute for motions on statutory grounds, either on motion or of its own volition, without suggestion." (Freeman on Judgments, 5th ed., pp. 444, 445. See, also, Code Civ. Proc., sec. 1917.)

It is not questioned that the court had jurisdiction of the subject matter nor that it had the power to grant injunctive relief providing the parties were properly before the court.

Upon the answer to the question, "Did the court have jurisdiction of the person of the members of the San Francisco Furniture Dealers Association other than the plaintiff?" rests the validity of the injunction.

Section 382 of the Code of Civil Procedure provides that: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

█ A party may therefore sue for the benefit of many in one of two cases: (a) where the question is one of a common or general interest of many persons, or (b) where the parties are numerous and it is impracticable to bring them all before the court. (*Carey* v. *Brown,* 58 Cal., at p. 183.)

█ Appellant urges that he has brought himself within the provisions of both classes of cases, and particularly the first class. The complaint contains no allegation to the effect that it is impracticable to bring the parties all before the court, unless the allegation that the membership of the association proximated a large number of individuals might be held to be a sufficient allegation in that regard. However, we believe that appellant comes squarely within the first class of cases. The complaint in effect alleged, and the court found, identity of interest. All the members of the association on behalf of whom plaintiff brought suit were engaged in the same line of business; all claimed the ordinance invalid; all alleged they were not liable for the payment of a license fee; none of them had ever secured a permit to conduct his business, nor had he ever paid a license therefor. If the ordinance in question was applicable to one it was applicable to all. Plaintiff and each and all of the members of the association were threatened with arrest by the same party for the identical omission—failure to pay the license tax imposed by the ordinance.

From this it clearly appears that "the question" (both of law and of fact) "is one of common or general interest of many persons."

In urging improper joinder and lack of jurisdiction over the members of the association other than plaintiff, respondent relies quite strongly on the case of *Noroian* v. *Bennett,* 179 Cal. 806 [179 Pac. 158], where it is said (see page 810): "But there is no case which holds that parties having separate causes of action against the same person, all claiming under the same rules of law, have a common interest which justifies the joinder of all in one action to obtain the separate relief to which they may be entitled."

In this case the plaintiffs sought a judgment restraining the defendants from prosecuting pending actions and from beginning other actions against plaintiffs upon certain promissory notes made and executed by the plaintiffs separately and at different times. The suit of each rested upon a separate state of facts. In holding that the parties could not join in one suit the court commented upon Professor Pomeroy's treatise on the subject of community of interest, in the following language:

"In speaking of a 'community of interest' in the questions of law and fact involved, the author was referring to cases where a single fact was decisive of the claim of all the parties concerned, as where persons owning separate rights in the waters of a stream are injured by a diversion of the water higher up on the stream by another person, or where a single fraudulent conveyance operates to the injury of several separate judgment creditors in the collection of their judgments, in each of which cases a single fact is the sole subject of the inquiry; or cases where owners of separate tracts of land unite in an action to quiet title against another claiming under a single land grant adversely to all of them; or where residents of a city, owning vehicles therein, unite to enjoin the enforcement of an illegal ordinance imposing taxes on such vehicles, or a suit by several lot owners to enjoin an illegal assessment upon all their lots for the improvement of a street, in each of which cases the same question of law may determine the rights of all the parties.

"It is clear from a consideration of the facts alleged in the complaint that the present case is not included in any of the classes to which the rule stated by Mr. Pomeroy is applicable."

The cases of *Foreman* v. *Boyle,* 88 Cal. 290 [26 Pac. 94], and *Geurkink* v. *City of Petaluma,* 112 Cal. 306 [44 Pac. 570], are authority for the rule that parties may unite in a suit for injunctive relief under a state of facts which would not warrant their suing jointly in law.

A consideration of the facts in the instant case, together with the foregoing announced principles of law, and what appears to be the trend of California decisions, leads us to the conclusion that the court had and exercised jurisdiction over the members of the association in whose behalf the action was brought and that the permanent injunction was valid on its face. Being valid on its face, the court had no jurisdiction more than a year later to modify it by striking from its provisions all reference to certain parties who were properly before the court, and the order appealed from is therefore void.

It is to be noted that in the case at bar issue was joined without the interposition of a demurrer. Objections as to such misjoinder, nonjoinder, and uncertainty as may appear upon the face of the complaint are therefore waived. (Secs. 433 and 434, Code Civ. Proc.)

The order appealed from is reversed.

Koford, P. J., and Nourse, J., concurred.