[Civ. No. 3471. Fourth Dist. Oct. 9, 1947.]

MARGARET MAROLDA et al., Respondents, v. F. L.
LA PINER et al., Appellants.

Barry Sullivan and Gordon Leslie Cooper for Appellants.

Charles D. Warner for Respondents.

GRIFFIN, J.—Plaintiffs, individually and as representatives of the home owners and consumers of water in a certain Tract No. 2037 in San Bernardino County, brought this action to restrain defendants from discontinuing and depriv-

ing them of water service from a certain well or wells located on defendants' property.

The verified complaint alleges that the original owners of lots in said tract had the use of water from the wells of defendants, and subsequent owners have been furnished water by defendants, or their predecessors, and have had continued use of said water from said wells for more than 20 years; that plaintiffs and their predecessors furnished pipe to said well at the time of installation and it was laid across their properties at their expense; that defendants, doing business as the Carbon Canyon Mineral Springs & Hotel, on August 14, 1946, served notice on all owners and occupants of homes in that tract that they would not supply them with water after October 1, 1946. It is then alleged that plaintiffs and others whom they represent are entitled to water service from defendants on the same basis as they have been furnished water in the past. Plaintiffs sought a temporary order enjoining defendants from discontinuing such water service during the pendency of this action.

Upon this complaint and the affidavits of plaintiffs, alleging in more detail the facts related, the trial court issued the temporary injunction upon the deposit by plaintiffs of a bond for $200 to protect defendants from loss. The minute entry granting the injunction ordered that the water users pay for water furnished in an amount to be fixed by the court. A demurrer to the complaint was filed as well as a motion to dissolve the temporary restraining order. The demurrer was overruled and 10 days given to answer. Defendants appealed from the temporary restraining order.

Under point one defendants contend that the court had no jurisdiction pertaining to the rights of other owners in the tract, without alleging a contractual relationship and without setting forth their rights, citing sections 367, 378 and 434 of the Code of Civil Procedure. The complaint recites that plaintiffs and all of the homeowners and consumers are in the same class, and the character of the rights to be enforced herein is common to plaintiffs and other homeowners and consumers in the tract; that there are common questions of law and fact affecting their rights, and a common relief is sought; that plaintiffs bring this action for themselves, and also in behalf of all of said owners and consumers.

Section 382 of the Code of Civil Procedure provides that

"when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." No objection as to misjoinder or nonjoinder of parties was made by demurrer or on the motion to set aside the temporary injunction. This same question was considered adversely to defendants in *Jellen* v. *O'Brien*, 89 Cal.App. 505 [264 P. 1115], and *Russ* v. *Tuttle*, 158 Cal. 226, 231 [110 P. 813]. The uncontroverted allegations of the complaint were sufficient, under section 382 of the Code of Civil Procedure, to confer jurisdiction on the court to order the temporary injunction as to the class claimed to be represented by plaintiffs.

It is next claimed that the complaint and affidavits do not state facts sufficient to constitute a cause of action or to support the issuance of a temporary injunction. It is not entirely clear from the complaint and affidavits what particular claim of right plaintiffs are relying on, with reference to the continued use of water from wells located on defendants' land.

In *McCrary* v. *Beaudry*, 67 Cal. 120 [7 P. 264], relied on by plaintiffs, the facts alleged showed that the appellant there "was in the exercise of a franchise which he could not exercise except by authority of and in the manner prescribed by law, and that the law enjoined on him the duty, resulting from that trust, of furnishing respondent with water." The pleadings here do not make it clear whether or not plaintiffs are relying upon any duty of defendants, resulting from any trust, to furnish plaintiffs further water from their wells. From a portion of the complaint that was stricken, by stipulation, it might be so indicated. That paragraph recited that the original owners of the tract sold those water rights with the lots purchased in the tract. The reason for striking this paragraph is not apparent to us.

■ An examination of the pleadings and the affidavits, giving them a most charitable construction, indicates that plaintiffs are claiming, by prescription, some right to have the use of said waters and to have them pumped to plaintiffs' premises from wells located on defendants' land by virtue of the fact that they and their predecessors in interest have continuously done so for over a period of 20 years. Whether plaintiffs, at the trial, can support this allegation, is not the question to be here determined. Plaintiffs, apparently, have had access to and have been furnished with water from this

common source for some period of years, and this water has been dedicated, apparently, to this public use for this period. We do not deem it improper for the trial judge to issue a temporary restraining order restraining defendants from discontinuing water service to the homes and property of plaintiffs during the pendency of this suit. At the time of trial plaintiffs' rights, if any, may be determined. (Code Civ. Proc., § 527.) The clear purpose of the restraining order is to hold the subject of litigation *in statu quo* until its final determination. (*Stewart* v. *Superior Court,* 100 Cal. 543 [35 P. 156, 563]; *Dewey* v. *Superior Court,* 81 Cal. 64, 68 [22 P. 333]; *Tulare Irrigation District* v. *Superior Court,* 197 Cal. 649 [242 P. 725]; *Remillard Brick Co.* v. *Dandini,* 47 Cal.App.2d 63 [117 P.2d 432].)

Order affirmed.

Barnard, P. J., and Marks, J., concurred.