·[L. A. No. 20623. In Bank. Oct. 28, 1948.]

CLAUDE WEAVER et al., Appellants, v. PASADENA TOURNAMENT OF ROSES ASSOCIATION et al., Respondents.

Hahn, Ross, Goldstone & Saunders and Nathan Kline for Appellants.

O'Melveny & Myers, Pierce Works, Deane F. Johnson, Hahn & Hahn, Edwin F. Hahn and Louis R. Vincenti for Respondents.

SPENCE, J.—Four plaintiffs—"on behalf of themselves and all others similarly situated"—brought this action in the Superior Court of Los Angeles County, each seeking to recover the $100 statutory penalty imposed for the wrongful refusal of admission to the Rose Bowl Game at Pasadena on January 1, 1947—a "place of public amusement or entertainment." (Civ. Code, §§ 53, 54; *Greenberg* v. *Western Turf Association,* 140 Cal. 357, 364 [73 P. 1050].) By demurrer and motion to strike, defendants Pasadena Tournament of Roses Association, Associated Students University of California at Los Angeles, and William C. Ackerman, the "Graduate Manager of Athletics" at the university, appeared in challenge of the propriety of plaintiffs' maintenance of this action as a representative suit and the jurisdiction of the superior court to proceed upon that basis. At the hearing on this issue as to the appropriate trial forum for the litigation of plaintiffs' action, defendants prevailed and the court made the following order: "It appearing upon argument of demurrer that this is not and cannot be a representative action, that it involves a money demand for less then $1,000.00, to-wit, statutory penalties in the aggregate amount of $400.00, and that this court is without jurisdiction, this cause is transferred to the Justice's Court for Pasadena Township, and demurrers and motions are placed off calendar." From such order, plaintiffs have appealed.

Careful consideration of the allegations of plaintiffs' complaint compels the conclusion that they have not presented a case properly cognizable as a representative suit, and that in these circumstances the cause was correctly transferred to the justice's court for disposition in view of the amount of plaintiffs' claims. (Code Civ. Proc., §§ 393, 396.)

Plaintiffs allege the following factual situation as the premise of their action: "That [in] November . . . 1946, the University of California at Los Angeles was selected . . . to represent [the] Pacific Coast Conference in the annual Rose Bowl football contest on January 1, 1947"; that thereafter "defendants caused advertisements to be published over the radio and in the newspapers announcing a public sale of

FACTS ALLEGED BY π:

sale of 'approximately 7500' tickets of admission to the said . . . contest, which said sale was to be conducted on or about December 23, 1946, at the Rose Bowl, Pasadena . . .''; that on the day so fixed, ''plaintiffs and other persons presented themselves at the box office'' at the designated place, and ''while waiting in line . . . were given numbered identification stubs, assuring them of their places in line and an opportunity to each of them to purchase two (2) tickets of admission to said Rose Bowl football contest''; that ''approximately 3,350 of [such] stubs were . . . distributed . . . but that after only 1,500 . . . tickets of admission were sold, the box office was closed and it was announced by defendants that all of the available tickets had been sold''; that ''defendants [made] a fraudulent and unauthorized disposition of approximately 6,000 of [the] 7,500 tickets of admission reserved for public sale'' on the designated day ''to other persons by private sale and by gift and not by public sale to those holding the aforesaid identification stubs''; that on ''January 1, 1947, . . . plaintiffs and other persons'' who held the stubs but who had been denied tickets ''presented themselves and their identification stubs at the Rose Bowl, . . . demanded that they be admitted and . . . tendered the fixed admission price . . . but were refused admittance''; that ''defendants had ample room and accommodations to receive and admit plaintiffs and other persons holding [the] identification stubs . . . but . . . denied admittance . . . solely by reason of [their] aforesaid fraudulent and unauthorized disposition of the . . . tickets of admission'' theretofore advertised as available for public sale. Plaintiffs further allege that ''the issues stated in this action and the questions herein to be litigated are of common and general interest to all other persons similarly situated and affect all the other persons in exactly the same manner as these plaintiffs are affected and that such other persons are so numerous, amounting to several hundred individuals, that it is impracticable to bring all of said persons before the court as individual plaintiffs and that, therefore, these plaintiffs sue for themselves and for the benefit of all of the other persons similarly affected.'' Accordingly, plaintiffs ''on behalf of themselves and all others similarly situated pray [for] judgment against defendants in the sum of One Hundred Dollars ($100.00) each . . .''

 The propriety of representative or class suits has long been recognized in our statutory law as embraced in section

382 of the Code of Civil Procedure, enacted in 1872 and which provides as follows: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; . . . and *when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.*" (Emphasis added.) The italicized portion of this statute is based upon the doctrine of virtual representation, which, as an exception to the general rule of compulsory joinder of all interested parties, "rests upon considerations of necessity and paramount convenience, and was adopted to prevent a failure of justice." (*Bernhard* v. *Wall*, 184 Cal. 612, 629 [194 P. 1040]; 20 Cal.Jur., § 7, p. 483.) Even before the cited statute, as plaintiffs note, this doctrine found expression in this state in such cases as *Von Schmidt* v. *Huntington*, 1 Cal. 55, and *Gorman* v. *Russell*, 14 Cal. 531, each of which concerned the dissolution of a joint association and the distribution of the company assets, with common interests in a common fund permitting representative or class disposition of the issues before the court in conformity with general principles of equity responsive to the exigencies of the situation showing that it was impracticable to require the joinder of all the numerous members "interested in the subject matter" of the proceeding, and that their nonparticipation therein would not affect the full protection of their substantial rights. (Pomeroy, Code Remedies (5th ed.), § 292, p. 444.) While the cited statute—typifying the usual provision adopted in the various states—thus reenacts the long-prevailing equity rule, it applies both to legal and to equitable causes of action, since no restriction or limitation is contained in its language. (Pomeroy, Code Remedies (5th ed.), § 290, p. 441, and cases there cited; see, also, *Colt* v. *Hicks*, 97 Ind.App. 177 [179 N.E. 335, 341]; *Board of Com'rs of Vanderburgh County* v. *Sanders*, 218 Ind. 43 [30 N.E.2d 713, 714; 131 A.L.R. 1048].) But in any event and regardless of which of the alternative conditions of the statute is invoked as authorizing a class proceeding, it has been uniformly held that there must be a well-defined "community of interest" in the questions of law and fact involved as affecting the parties to be represented. (Pomeroy, Code Remedies (5th ed.), § 286, p. 436; *Norian* v. *Bennett*, 179 Cal. 806, 809 [179 P. 158]; *Batman* v. *Louisville Gas & Electric*

*Co.,* 187 Ky. 659 [220 S.W. 318, 319]; notes, 114 A.L.R. 1015; see, also, Blume, The "Common Questions" Principle in the Code Provisions for Representative Suits, 30 Mich. L.Rev. 878.)

■ Plaintiffs contend that "all the individuals," whether "named or unnamed," who waited in line but were denied tickets to the Rose Bowl Game "have the same interest in the subject matter and the recovery"; that "the facts necessary to prove the cause of action of any one of them are the same [as those] necessary to prove the cause of action of any one or all of the others"; and that the number of interested individuals, "amounting to several hundred," renders it "impracticable to bring them all before the court." Accordingly, they urge that this action comes within the provisions of either of the statutory conditions sustaining the prosecution of a representative suit, and particularly within the second category. But plaintiffs misconstrue the nature of this litigation. The causes of action of the several plaintiffs and the other unnamed aggrieved individuals are separate and distinct. The question, as to each individual plaintiff, is whether *he* "as a person over the age of twenty-one years" presented himself and demanded admittance to the game, whether *he* tendered the price of the ticket, and whether, as to *him,* the refusal of admission was wrongful under section 53 of the Civil Code, entitling him "to recover . . . his *actual damages,* and one hundred dollars in addition thereto." (Civ. Code, § 54; emphasis added.) Moreover, other independent factors of consideration arise in connection with the respective individual claims by reason of the provision that a "person under the influence of liquor, or who is guilty of boisterous conduct, or [who is] of lewd or immoral character, may be excluded from any such [public] place of amusement." (Civ. Code, § 53.) Thus, a decision favorable or adverse to these plaintiffs—or any one of them—could not determine the rights of any of the unnamed parties whom plaintiffs purport to represent. True, the plaintiffs, and perhaps others who waited in line and were refused tickets of admission, have an interest in a common question of law, that is, whether the statutory recovery is authorized when an operator of a "place of public amusement or entertainment" advertises 7,500 tickets for sale to the general public and then later, after selling only 1,500, closes the box office upon announcing that "all of the available tickets had been

sold.'' But the determination of such question in the present case would still leave to be litigated the right of any other person to recover on his statutory claim in the light of whether *he*, in reliance upon the advertised sale, stood in line, received an identification stub, was denied tickets before the promised 7,500 had been sold, presented himself at the Rose Bowl as a ''sober, moral person,'' demanded admission, tendered the price, and was refused, entitling him ''to recover . . . his actual damages'' as well as the fixed statutory penalty of $100.

▇ In general, a representative suit is proper because it is in behalf of a common or joint interest of an *ascertained class* in the subject-matter of the controversy: *Farmers & Merchants National Bank of Los Angeles* v. *Peterson,* 5 Cal.2d 601 [55 P.2d 867], a suit by one creditor for an accounting on a trust fund held under an assignment for the benefit of all creditors of the company; *Moore* v. *Bowes,* 8 Cal.2d 162 [64 P.2d 423], an equitable proceeding by some of the stockholders and beneficiaries of a voting trust agreement to remove the trustees; *Goes* v. *Perry,* 18 Cal.2d 373 [115 P.2d 441], an attempt to impress a trust upon certain property in behalf of ascertainable beneficiaries; *Mitchell* v. *Pacific Greyhound Lines, Inc.,* 33 Cal.App.2d 53 [91 P.2d 176], litigation by a court-appointed liquidator to ''settle certain questions common to all of the subscribers'' of a ''reciprocal or interinsurance exchange''; *Peterson* v. *Donnelley,* 33 Cal. App.2d 133 [91 P.2d 123], an action involving the management of trust property on behalf of ''approximately three thousand unit holders'' constituting the owners of the beneficial interests therein; and *Baumann* v. *Harrison,* 46 Cal. App.2d 84 [115 P.2d 530], a foreclosure proceeding on behalf of plaintiff and other bondholders. In the present case there is no ascertainable class, such as the stockholders, bondholders, or creditors of an organization. Rather, there is only a large number of individuals, each of whom may or may not have, or care to assert, a claim against the operators of the 1947 Rose Bowl Game for the alleged wrongful refusal of admission thereto. Each of such claimants must establish separately that he was refused admission, and that such refusal was wrongful under section 53 of the Civil Code. Moreover, each claimant would have the independent right, under section 54 of said code, to litigate the question of his recovery of ''actual damages'' in addition to the $100 penalty

imposed by the statute. While each would be "similarly situated" in that his cause of action arises under the same statute, his recovery would rest on a distinct premise correlative with varying proof as to the facts of his particular case. In such circumstances there is not the necessary "common or general interest" in the subject-matter of the litigation appropriate to the maintenance of a representative action as that type of proceeding has been analyzed in the adjudicated cases. The foregoing considerations suggest the reason why plaintiffs have been unable to cite, and independent research has failed to reveal, a single case in which it has been held that a representative or class suit was a proper or appropriate vehicle for the determination of alleged tort liability of defendants to numerous unnamed and unascertained persons.

Consistent with these observations, the present action resembles in certain aspects such cases as *Carey* v. *Brown*, 58 Cal. 180, *Ballin* v. *Los Angeles County Fair*, 43 Cal.App.2d Supp. 884 [111 P.2d 753], and *Watson* v. *Santa Carmelita Mutual Water Co.*, 58 Cal.App.2d 709 [137 P.2d 757], wherein a class suit was deemed improper where the interest of each member of the alleged represented group was several and distinct, rather than collective. Thus in the last-cited case injunctive relief was sought against the collection of assessments by a mutual water company, because of fraudulent representations made separately to plaintiffs and 1,500 other investors. In declaring such relief to be "unwarranted" insofar as the "1,500 unnamed shareholders" were concerned, the court observed at page 719: "Plaintiffs allege that they were defrauded by deceitful representations made to them by defendants. Such representations do not necessarily affect the rights of their unnamed companions. Plaintiffs may proceed without let or hindrance against the defendants upon whatsoever grievances they deem themselves to have suffered. In the event of their recovery, the judgment would not transfer any advantages to those unnamed. If they lose in the contest, the 1,500 uncomplaining shareholders are still possessed of any claims they may have had against defendants. Plaintiffs' causes of action, if any, against defendants are several and distinct from the rights of the 1,500. There is no privity of estate between plaintiffs and the unnamed group. (*Carey* v. *Brown*, 58 Cal. 180; *Ballin* v. *Los Angeles County Fair*, 43 Cal.App.2d Supp. 884 [111 P.2d 753].)"

So the fact that "numerous parties" have separate and distinct claims against the same person or persons will not alone suffice to sustain a representative suit where there is no community of interest. To hold otherwise would nullify the equitable concept of section 382 of the Code of Civil Procedure as a procedural convenience for the maintenance of representative litigation. (Pomeroy, Code Remedies (5th ed.), § 287, p. 438.) However, it cannot be said that a "representative suit is warranted only in those cases where the represented group is so united in interest with the actual plaintiff in the action as to make them *necessary parties* under the statute [Code Civ. Proc., § 382]." (*Watson* v. *Santa Carmelita Mutual Water Co., supra,* 58 Cal.App.2d 709, 718; emphasis added.) The statute does not so provide and such interpretation would restrict its appropriate application in cases where "many persons" or "numerous parties," though not necessary litigants, nevertheless have a "common or general interest" in the subject-matter of the controversy as a premise for a class proceeding in the disposition of the merits of their collective claims. The quoted statement from the Watson case was apparently made in pursuance of a similar observation in *Carey* v. *Brown, supra,* 58 Cal. 180, 184, wherein the plaintiff as the owner of certain land sought to litigate on behalf of himself and "a large number of other persons who derive[d] their titles from the same source that [he] derive[d] his" a title claim against defendants. In summing up the situation as one not satisfying the test of a representative proceeding, the court pertinently stated at page 183: "The only question involved in this action is one of title to the land claimed by the plaintiff and the defendants adversely. It does not appear that any one had a common or general interest with the plaintiff in that question. A judgment in his favor would simply quiet his title to land in which no one else had any interest."

Subject to like analysis is the case of *Ballin* v. *Los Angeles County Fair, supra,* 43 Cal.App.2d Supp. 884, wherein the plaintiff, a patron of a licensed horse racing track, sought to recover a nominal amount on the ground that the operators of the track had erroneously computed the "breakage" under the pari-mutuel system of wagering. But in addition to stating such individual cause of action, plaintiff further claimed by his complaint "to represent and sue for numerous other persons who [had] made wagers at defendant's track and

against whom defendant [had] made the same error in figuring 'breakage,' and he demand[ed] in their behalf an accounting of all [those] transactions and [sought] to recover for them sums aggregating more than $200,000." After observing that such allegations were "entirely insufficient to show a case in which the law would authorize the bringing of . . . a representative suit by plaintiff or entitle him to an accounting" as correlated with that premise of legal procedure, the court referred, without discussion but as decisive of the point, to "the principles declared in *Carey* v. *Brown* (1881) 58 Cal. 180, 183, 184, construing section 382 of the Code of Civil Procedure, and in cases construing like statutes of other states . . . (citing cases.)" Examination of the cited cases from other jurisdictions reveals that they rest on the proposition that there must be a "common or general interest" in the subject-matter of the controversy in order to authorize one or more to maintain an action for all, but that they do not purport to require the unity of interest to be that of "necessary parties." As the respective factual considerations prevailed in *Carey* v. *Brown, supra,* 58 Cal. 180, and the two succeeding cases citing it on the same point of the essential collective character of a representative action—*Ballin* v. *Los Angeles County Fair, supra,* 43 Cal.App.2d Supp. 884, and *Watson* v. *Santa Carmelita Mutual Water Co., supra,* 58 Cal.App.2d 709—they correctly resolved the issue in question as dependent upon a "common or general interest," but to the extent that they indicate that the represented litigants must meet the test of "necessary parties," they are out of line with the adjudicated cases as well as with the express terms of the statute, and they are hereby disapproved in that particular.

█ In concluding this discussion, there is one further point to be noted. In cases properly falling within the category of representative litigation, the judgment or decree would be res judicata for or against the class sought to be represented. (Freeman on Judgments (5th ed.), § 436, p. 952; *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502, 513 [258 P. 387].) But that result could not be extended to entirely separate causes of action, such as the four plaintiffs have pleaded here, so as to bind "several hundred individuals" who are not named, and who are, so far as the complaint shows, unknown and unascertainable. Rather, these unknown parties are ascertainable only insofar as each may come forward and individually present proof of all the facts necessary to au-

thorize a recovery in accordance with the merits of his particular case, and judgment in one would by no means be a judgment in any other. Plaintiffs here do not claim to represent an association or protective committee nor do they present any reasonable basis for ascertaining the members of the alleged class for whom they seek to act in this litigation. (Cf. *Marolda* v. *LaPiner*, 81 Cal.App.2d 742, 743 [185 P.2d 40].) In short, plaintiffs' complaint can be regarded as no more than an invitation to such persons as may be interested to join with them in this action in seeking relief "arising out of the same transaction or series of transactions" (Code Civ. Proc., § 378), but such situation furnishes no ground for the maintenance of a representative proceeding so as to confer jurisdiction on the superior court to hear and determine plaintiffs' cause.

The order of transfer to the justice's court is affirmed.

Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Gibson, C. J., and Schauer, J., concurred in the judgment.